IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. <br> d/b/a IOU FINANCIAL, INC <br><br> Plaintiff, <br><br> vs. <br><br> SHAEN HARRINGTON, INC. <br> A/K/A THE HARRINGTON GROUP, <br> JESSICA HEATHER HARRINGTON <br><br> Defendants. | CASE NO. |

## **COMPLAINT**

Plaintiff IOU sues the Defendants as follows:

1. Plaintiff IOU is incorporated in Delaware, its principal place of business located in Georgia, a citizen of both states per 28 U.S.C. §1332.

2. Defendant Shaen [Business] is incorporated in Pennsylvania, the location of its principal places of business, of which it is a citizen per §1332.

3. Defendant Jessica Harrington [JHH] is an individual domiciled in and citizen of Pennsylvania per § 1332.

4. No relief is sought as to Michael Shaen Harrington [Debtor] filed Chapter 7 BK, Ed. Pa. Case No. 16-18752 on 12/22/16, discharged 5/14/17 by which Defendants are not entitled to relief. ***Sajid v. Dan River***, LEXIS 141992

(N.D. Ga. 2009) of which all Defendants had notice.

5.　Per §1332, the parties are diverse and the sum in controversy exceeds $76,000.00 such as damages, fees and interest. ***Jones v. Landry***, 387 F.2d 102 (5th Cir. 1967), ***Cohen v. Office***, 204 F.3d 10717 (11th Cir. 2000), ***Groves v. Rogers***, 547 F.2d 900 (5th Cir. 1977), ***Ryan v. State Farm***, 934 F.2d 276 (11th Cir. 1991), ***Holley v. Credit***, 821 F.2d 1531 (11th Cir. 1987) IOU's relief is valued in excess of $76,000.00. ***Waller v. Prof.***, 296 F.2d 547 (5th Cir. 1961). Per §1367, jurisdiction exists on all claims. ***Exxon v. Allapattah***, 545 U.S. 546 (2005).

6.　Per O.C.G.A. § 9-10-90 *et seq* and the Constitution, jurisdiction exists, is proper and just for Defendants, who transacted business in Georgia, personally or through their agent(s), such as the Loan at issue, committed, or conspired to commit tortious acts or omissions, including by agents of each other, by persistent contact there, such as the misconduct at issue, from which they derived revenue from services, such as the Funds at issue; reasonably consented to personal jurisdiction there, such as by the Instruments at issue, where they are subject to liability, purposefully availed themselves to activities there, such as the Funds at issue and consented to its jurisdiction.

7.　Under 28 U.S.C. § 1391 and § 89, venue is proper as a substantial part of the events or omissions giving rise to the claims occurred here or Defendants

consented to this venue or otherwise conduct business here.

8. On 12/21/15, Debtor submitted a Loan Application to IOU's Georgia office website, for a commercial loan [Loan] for all Defendants, with ownership or other interests in Business, who knew of, benefitted, consented and ratified the Loan, such as satisfying their debts.

9. On 12/24/15 [ Closing Date] Debtor executed a Promissory Note for the Business to IOU for a gross loan amount/principal of $85,794.00, at IOU's Georgia office website, in exchange for its Funds, with a loan guaranty fee, confirming all information, consenting to Georgia law and personal jurisdiction, of which all Defendants benefitted, consented and ratified: obtaining money.

10. The Note is in default if (i) any amount due pursuant to the Note is not received by IOU when due (ii) Business breaches any warranty, representation, covenant, term or condition of the Note (iii) default under any guaranty agreement or instrument, now existing, after committed or made, provided to IOU to enhance the Loan's credit underwriting; any bankruptcy, insolvency or receivership proceeding is commenced by or against Business and not dismissed within 30 days (iii) Business ceases to exist or (iv) obtains another loan during the term of the Loan without IOU's prior written permission. [Note ¶ 6]

11. The Note includes a Security Agreement, by which Debtor and Business, recipients of the Funds, were to encumber their property, proceeds and assets as collateral for the Loan, upon which IOU relied in approving the Loan, of which Defendants, consented, benefitted and ratified, which states:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections. [Note ¶ 21]

12. On or about the Closing Date(s), Debtor electronically executed a Guaranty of the Note, at IOU's Georgia office website, guaranteeing the Note and Security Agreement and agreed to Georgia law and personal jurisdiction, of which Defendants knew, consented, benefitted and ratified as co-guarantors.

13. Per the Guaranty, Debtor granted and/or intended to grant the same security interest in his property, proceeds and assets as Business to guaranty the Note/Security Agreement, of which Defendants consented, benefitted and ratified, with the same security interest in their property, assets and proceeds.

14. The Guaranty provides for its enforcement against Debtor if Business defaults on its obligations under the Note and Debtor fails to satisfy its obligations, which are unconditional, enforceable against Debtor's successors and assigns, to which Defendants consented, benefitted and ratified. [Guaranty ¶1-3]

15. On the Closing Date, Debtor executed a Debit Agreement with Business to IOU, authorizing Loan payments by their account to IOU's Georgia office, certifying its purpose and their account information, of which Defendants knew, consented, benefitted and ratified.

16. On the Closing Date, Debtor approved disbursement of the Funds, by IOU's Georgia office, of which Defendants consented, benefitted and ratified.

17. On the Closing Date, Defendants received the Funds by wire from IOU's account into their account, of which they consented, benefitted and ratified.

18. IOU intended for its Loan as a secured interest in all property, assets and proceeds of the Fund's recipients, Defendants, to be repaid and would not have otherwise advanced them per the Guaranty, Note and Agreements. [Instruments]

19. Debtor and Business breached the Instruments shortly after receipt of the Funds of which Defendants knew, benefitted, consented and ratified.

20. Debtor and Business did not intend to repay the Funds, which they did not disclose to IOU, who acted for each other and the other Defendant as to the Funds and the Loan of which Defendants knew, benefitted, consented and ratified.

21. Debtor and Business were unable or unwilling to repay the Loan, before its origination, of which Defendants benefitted, consented and ratified.

22. Defendants are jointly and severally liable for the Loan/Instruments, by fulfillment of at least one of the below events with Debtor; who namely:

(a) Acted as agents for each other in obtaining the Loan and the Funds of which they knew, benefitted, consented and ratified.

(b) Operate as or are a partnership, for their same, related business; the Business in which they shared the benefits and liabilities including the Funds.

(c) Owned, operated/conducted Business, as their alter-ego, disregarding its entity, undercapitalizing it per their failure to repay the Loan, as well as other debts, using it as a conduit/instrumentality for personal affairs like obtaining the Fund/evading the Loan, share/co-mingle assets, finances, ownership, and offices

(d) Business lacks an existence separate from Defendants, per their unified interest or ownership, a mere subterfuge to avoid payment of IOU's debt, whose form should be justly disregarded and pierced, with full liability for damages/relief imposed upon them.

(e) Defendants assumed or are liable for the debts/liabilities at issue, the Loan, Instruments and claims, who have a debtor-creditor relationship with IOU and are Debtor's successors.

23. IOU's Instruments attached to all property, assets and/or proceeds of Defendants, including but not limited to the following ones:

(a) 4772 White Oak Circle Emmaus, PA 18049. [Property] [to the extent of their interest in that property aside from Debtor's interest]

(b) Any UUC-1 by IOU on the Loan, to which all other property, assets, proceeds and interests of the Defendants are subject.

(c) Any property, proceeds and assets secured by other loans of Defendants, such as their loan with Real Capital LLC, a/k/a Retail Capital LLC for

$24,785.00 [Prior Loan] which IOU's Loan satisfied, into which IOU is subrogated of which Defendants consented, benefited and ratified.

    (d)    Any Funds used to benefit any Defendant, also subject to the Loan.

    (e)    Any property, assets and proceeds of any Defendant.

24. Defendants made or conspired to make inequitable, false or misleading misrepresentations or material omissions to induce IOU into the Loan, by agents, such as Debtor, who knowingly lied about or failed to disclose to IOU (a) the involvement of all Defendants with the Loan (b) their lack of intent or inability to satisfy the Loan per its rapid default by February 2016 (c) their intent to hinder, delay and defraud IOU from enforcing the Loan (d) they sought the Funds for their personal use (e) Debtor intended to bankrupt after obtaining the Loan (f) Business was operated from the Property, intended collateral for the Loan which they are estopped from disputing (g) intended to defraud, delay, or hinder enforcement of the Loan (h) Business was a sham just to obtain the Funds.

25. IOU justifiably and reasonably relied on the misrepresentations or omissions of Defendants as honest and accurate throughout the Loan process and in the Instruments, inducing and causing IOU to close the Loan and wire the Funds to them, which was damaged as a result.

26. IOU held and/or owned the Instruments and claims at issue [Claims] and had standing to enforce them before suit, their principal balance and/or value exceeding $76,000.00, with attorney's fees as provided by law and their terms.

27. Defendants breached the Instruments, did not satisfy the Claims, violated their terms, now in default; IOU accelerated the Loan balance.

28. Defendants induced or encouraged IOU to confer the Funds on them per the Instruments, which they did not intend to satisfy or could not satisfy, of which they benefitted, consented and ratified.

29. IOU provided the Funds to Defendants and/or their agents, expecting repayment, which they appreciated, knew, benefitted, consented and ratified.

30. Defendants knew of, accepted and retained the Funds, which they did not reject, should return or compensate, who are otherwise unjustly enriched by the Funds at IOU's expense, retaining the Funds and/or retaining their property, assets and/or proceeds absent IOU's intended senior interest(s) in them.

31. Defendants are indebted to IOU for the Funds, fees, costs and charges, of which their property, assets and proceeds are secured as collateral.

32. Defendants are liable for each other's acts and omissions as partners, servants, agents, successors, by command, in prosecution of, within their relationship, by which they jointly benefitted and/or ratified.

33. All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

## COUNT I: DECLARATORY, EQUITABLE AND RELATED RELIEF AS TO ALL DEFENDANTS

34. ¶ 8-33 are incorporated.

35. Defendants are jointly liable for the Funds, whose property, assets and proceeds, such as the above Properties, are subject to the Instruments, procured by their conspiracy but seek to wrongfully evade the Loan.

36. The inequitable or fraudulent misconduct of Defendants requires inclusion of them, their property, assets and proceeds from the Instruments, who induced IOU to make the Loan, to which they are subject.

37. The misconduct of Defendants permits them to wrongfully retain the Funds at IOU's expense, with their property, assets and proceeds, absent IOU's intended secured interest in them, for which IOU has no adequate legal remedy.

38. The Instruments are intended to bind all recipients and beneficiaries of the Funds, the Defendants, whose property, assets and proceeds are to secure the Loan, who knew of, consented to, benefitted from and ratified the Loan, such as receiving and retaining the Funds.

39. The Instruments are intended as and constitute a security interest in all property, proceeds and assets of Defendants, reasonably identified and

described as collateral, of which they knew, consented, benefitted and ratified, for which equitable relief will not prejudice them.

40. Per 28 U.S.C. § 2201 *et seq*, O.C.G.A. § 10-6-1 *et seq*, § 10-7-56, § 11-9-203 *et seq*, § 18-2-1, §18-2-3, § 23-2-25, § 23-2-50 and applicable law, IOU requests the Court declare, establish and reform its Instruments to bind Defendants, who are jointly liable for the Loan, a security interest in their property, assets and proceeds, subrogated into the Prior Loan[s] and grant all just relief.

41. Alternatively, per O.C.G.A. § 51-1-1 *et seq* and applicable law, IOU demands judgment as to the Defendants for compensatory, consequential, special, nominal, punitive damages for their misconduct and all just relief.

## COUNT II: BREACH OF INSTRUMENTS AND RELATED RELIEF AS TO ALL DEFENDANTS

42. ¶ 8-33 are incorporated.

43. Defendants knew of, consented to, benefitted from and ratified the Instruments, accepting the Funds, for which they are liable as co-guarantors.

44. Defendants breached the Instruments, failed to make payments and did not otherwise comply with their terms, which are now due.

45. IOU accelerated the principal balance of its defaulted Instruments of which Defendants were given notice and/or notice was not required and/or is futile and the Instruments provide for payment of IOU's attorney's fees and costs.

46. Per O.C.G.A. § 13-1-11, Defendants are notified IOU is entitled to enforce and invoke the fees provisions of the Instruments against them, who will be further indebted for IOU's fees/costs, unless all principal, interest and other charges due per the Instruments are paid in 10 days after service of this Complaint.

47. Under applicable law, IOU demands judgment against Defendants for damages under the Instruments in the principal sum of at least $76,000.00, fees, interest, costs and grant all just relief.

**COUNT III: BREACH OF FIDUCIARY DUTY OF TRUST TO CREDITOR AND RELATED RELIEF AS TO DEFENDANTS**

48. ¶ 8-33 are incorporated.

49. Business is presumed insolvent per its default on the Loan/other debts

50. Debtor rendered Business insolvent, incurring debt which it could not repay, such as borrowing the Loan and incurring other debt.

51. Debtor owed fiduciary duties to creditors of the Business, such as IOU, as manager/owner/officer of the Business to conserve and manage its property, assets and proceeds in trust for the benefit of its creditors, such as IOU, at least after its insolvency, which he was not convert or give away, precluding collection of IOU's debt, to benefit himself at IOU's expense.

52. Debtor breached his fiduciary duties to IOU by misusing the property, assets and proceeds of Business after its insolvency to preferentially benefit his

interests, dishonestly, in bad faith by (a) paying himself from them (b) effectively closing Business, keeping them for personal use (c) in violation of the Instruments, (d) constituting fraudulent transfers per O.C.G.A. § 18-2-75 (a), to hinder, delay or defraud IOU in enforcing its Loan (e) constituting constructively fraudulent transfers per O.C.G.A. § 18-2-75 (b), leaving Business a gutted shell incapable of satisfying its debts, such as the Loan.

53. Debtor's misconduct damaged IOU, wrongfully precluding satisfaction of the Loan by Business, whose misuse and conversion of its property, assets and proceeds impaired IOU's Security Agreement in them.

54. JHH aided, abetted and procured Debtor's breach of fiduciary duty, misconduct and conversion by her misconduct, also misusing Business's property, assets and proceeds for her benefit, of which she knew, benefitted, consented and ratified, for which she is jointly and severally liable with Business.

55. The misconduct of Defendants was willful and wanton, consciously indifferent and grossly negligent, requiring relief to punish and penalize them and deter future misconduct.

56. Per O.C.G.A. § 23-1-1 *et seq*, §51-1-1 *et seq* and applicable law, IOU demands judgment as to Defendants for their torts, compensatory, consequential,

special, nominal and punitive damages exceeding $76,000 and all just relief including its equitable remedies.

### COUNT IV: QUANTUM MERUIT/UNJUST ENRICHMENT
### AND RELATED RELIEF AS TO DEFENDANT JHH

57. ¶ 8-33 are incorporated.

58. Defendant JHH induced and/or encouraged IOU to confer the Funds upon her through Debtor, of which they knew, benefitted, consented and ratified.

59. IOU provided the Funds to Defendants through Debtor/Business, expecting their repayment, which JHH knew, benefitted, consented and ratified.

60. Defendant JHH knew of and accepted the Funds which should be repaid, who is otherwise unjustly enriched by them at IOU's expense.

61. Defendant JHH is indebted to IOU for the Funds, interest and costs.

62. Per O.C.G.A. § 9-2-7 and applicable law, IOU demands judgment as to JHH for the unpaid Funds, costs and just relief such as its equitable remedies.

### COUNT V: EQUITABLE LIEN/EQUITABLE MORTGAGE
### AND RELATED RELIEF AS TO DEFENDANTS

63. ¶ 8-33 are incorporated.

64. Defendants inequitably or fraudulently induced IOU to provide the Funds, and enter into the Loan, without intending to satisfy the debt, satisfaction of which they have wrongfully precluded, aided/abetted by each other.

65. Defendants knew of, accepted and retained the Funds as a secured debt, who wrongfully retain their property, assets and proceeds, absent IOU's intended secured interest in them for which IOU has no adequate remedy.

66. An equitable lien and/or mortgage to secure IOU's Loan is intended and implied on the property, assets and proceeds of Defendants.

67. Per 28 U.S.C. § 2201 *et seq*, O.C.G.A. § 18-2-1 *et seq*, § 23-1-1 *et seq* and applicable law, IOU requests the Court declare and impose an equitable lien/mortgage on all property, assets and proceeds of Defendants, in a sum at least equal to the Loan, relating back to its execution/origination, grant just relief.

### COUNT VI: CONSTRUCTIVE TRUST AND RELATED RELIEF AS TO ALL DEFENDANTS

68. ¶ 8-33 are incorporated.

69. The property, assets and proceeds of all recipients of the Funds, Defendants were to secure the Loan, per the Instruments, of which they knew, benefitted, consented and ratified but wrongfully preclude its performance.

70. Defendants inequitably or fraudulently induced IOU to provide the Funds, and enter into the Loan, without intending to satisfy the debt, satisfaction of which they have wrongfully precluded, aided/abetted by each other.

71. Defendants knew of, accepted and retained the Funds but are unjustly enriched at IOU's expense by wrongfully retaining their property, assets and proceeds, absent IOU's interest(s) in them, which has no adequate remedy.

72. A constructive trust to satisfy the Instruments is implied on all property, assets and proceeds of Defendants, in which they can enjoy no beneficial interest contrary to equity.

73. Per 28 U.S.C. § 2201 *et seq*, O.C.G.A. § 53-12-132, and applicable law, IOU requests the Court declare and impose a constructive on all property, assets and proceeds of Defendants, in a sum at least equal to the Loan, relating back to its execution/origination, grant just relief.

### COUNT VII: ATTORNEY'S FEES AND RELATED RELIEF AS TO DEFENDANTS

74. ¶ 8-33 are incorporated.

75. Defendants acted in bad faith by their misconduct, refusing to resolve these matters, requiring IOU to bring the action and incur costs and fees.

76. Defendants were stubbornly litigious as there was no dispute of their liability to IOU, put to unnecessary trouble/expense to bring suit.

77. Per O.C.G.A. § 13-6-11 and applicable law, IOU demands judgment against the Defendants for fees, costs and just relief, not otherwise granted.

78. JHH is not a minor(s), not adjudged incompetent; not in the military for the last 30 days, not subject to protection per 50 U.S.C. §3901.

## **L.R. 5.1 (C) CERTIFICATE OF COMPLIANCE**

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times Roman 14-point typeface.

Respectfully submitted this 21st day of September 2020.

>By: */s/Paul G. Wersant*
>Paul G. Wersant
>Georgia Bar No. 748341
>3245 Peachtree Parkway, Suite D-245
>Suwanee, Georgia 30024
>Telephone: (678) 894-5876
>Email: pwersant@gmail.com
>Attorney for Plaintiff IOU
>File No. 42970